UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No. 08 MJ 0178 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| Hector MARIN-Berrera, | Title 8, U.S.C., Section 1326 |
| | Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **January 20, 2008** within the Southern District of California, defendant, **Hector MARIN-Berrera**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 22nd DAY OF JANUARY 2008.

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Hector MARIN-Berrera

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct

On January 20, 2008, Border Patrol Agent C. Lopez was assigned line watch duties in the Imperial Beach area of responsibility. At approximately 12:10 a.m., the remote video surveillance operator relayed via agency radio of an individual north of the primary fence in an area known as "Echo 2". "Echo 2" is approximately .25 miles east of the San Ysidro, California Port of Entry and immediately adjacent to the United States/Mexico International Boundary Fence. Upon arriving at the designated location, Agent Lopez found the individual attempting to conceal himself in a drainage tube. Agent Lopez identified himself as a United States Border Patrol Agent and proceeded to question the individual later identified as defendant **Hector MARIN-Berrera** as to his citizenship and nationality. The defendant admitted to being a citizen and national of Mexico who was not in possession of any immigration documents that would allow him to enter or remain in the United States legally. Approximately 12:31 a.m., the defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 05, 2007** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he stated he understood and was willing to answer questions without having an attorney present. The defendant stated that he is a citizen and national of Mexico not in possession of any immigration documents that would allow him to be or remain in the United States legally.

**Executed on January 21, 2008 at 10:00 a.m.**

_____
Carlos R. Chavez
Senior Patrol Agent


On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **January 20, 2008**, in violation of Title 8, United States Code, Section 1326.

_____        1/21/08 @ 10:30 a.m.
Jan M. Adler                     Date/Time
United States Magistrate Judge